UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:21-CR-20383-CR-MOORE

**UNITED STATES OF AMERICA**

vs.

**ENES CORTES RODRIGUEZ,**

**Defendant.**

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ZERO POINT ADJUSTMENT PURSUANT TO 18 U.S.C. 3582(C)(2)

The government responds to Enes Cortes Rodriguez's (hereinafter, "Defendant") motion to reduce his sentence under Title 18, United States Code, Section 3582(c)(2). Defendant qualifies and is eligible for Zero Point consideration and the government has no objection to the granting of this request.

**Procedural History and Abbreviated Factual Synopsis**

On July 16, 2016, the Defendant, as well as two co-defendants, were indicted for violating Title 46, United States Code, Section 70506(b) (conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States) and Title 46, United States Code, Section 70503(a)(1) (possessing with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States) (DE 1). On December 6, 2021, the defendant pled guilty to Count 1 of the Indictment pursuant to a written plea agreement (DE 27). In conjunction with his guilty

1

plea, the Defendant signed a factual proffer, which detailed the facts that the government would have proved beyond a reasonable doubt had the case proceeded to trial. (DE 28).

According to the factual statement signed by the defendant, on or about July 8, 2021, while on patrol, a United States Marine Patrol Aircraft (MPA) detected a go-fast vessel (GFV) approximately 63 nautical miles south of Malpelo, Colombia, in international waters and upon the high seas. The GFV had three individuals on board, displayed no apparent indicia of nationality, had a large amount of fuel barrels and containers on deck, and was operating in a known drug trafficking area. United States Coast Guard Cutter (USCGC) *JAMES* which was in the area was diverted to investigate. *JAMES* sought and received authorization to board the GFV.

*JAMES* launched an Over the Horizon boat (OTH) to intercept. The USCG Boarding Team found three individuals on board who were identified as PABLO ANTONIO GUERRERO MARQUEZ, ENER CORTES RODRIGUEZ, and LEONEL GARCIA CABEZA. No claim of nationality was made for the vessel. Based on a failure to make a claim of nationality for the vessel, the vessel was treated as a vessel without nationality, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

The USCG boarding team recovered approximately 1,183 kilograms of suspected cocaine from the vessel, which later field tested positive for cocaine. All three individuals, along with the 1,183 kilograms of suspected cocaine, were transferred to the USCG Cutter *JAMES*.

Thereafter, the United States Department of Probation prepared a Presentence Investigation Report ("PSR") for the Defendant in anticipation of his sentencing (DE 41). Part D of the PSR reflected that the Defendant faced a minimum term of imprisonment of ten years, and a maximum term of life imprisonment. The PSR also indicated that with a total offense level of 33 and a criminal history category of I, the Defendant faced a guideline imprisonment range of 135 to 168

months. *Id*. On November 30, 2016, this Court sentenced the Defendant to 135 months imprisonment (DE 56). On February 9, 2024, Defendant filed the instant Motion to Reduce his Sentence which prompted this response.

The Defendant's expected release date is January 2, 2025. To date, the Defendant has served 31 months, which reflects approximately 23% of his full-term sentence and 27% of his statutory sentence.

**Argument**

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides: [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. See *Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range and relief is consistent with applicable policy statements. *Id*. The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors, *id.* at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Notably, "if a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017). Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

**Eligibility**

The Defendant here seeks relief based on the zero-point offenders amendment. This provision "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf. Specifically, a defendant must meet all the following criteria to be eligible for relief:

4

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

The defendant in this case is eligible for relief under the new "zero-point offender" amendment as none of the stated prohibitions to eligibility apply to the defendant. As for other information for the Court to consider, the defendant was a crewperson on the vessel transporting cocaine, has one disciplinary infraction during his term of imprisonment thus far, and will likely have an immigration detainer placed on him returning him to Colombia upon completion of the remainder of his sentence.

**Conclusion**

Based on the foregoing, the defendant is eligible for the "zero point" adjustment.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**
By: */s/Allyson Fritz*
Allyson Fritz
Assistant United States Attorney
Court Identification No. A5500092
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9149
Allyson.fritz@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and mailed a copy to Inmate Ener Cortes Rodriguez, Inmate number 02432-006, Federal Correctional Institute Miami, P.O. Box 779800 Miami, FL 33177.

By: */s/Allyson Fritz*
Allyson Fritz
Assistant United States Attorney
Court I.D. A5500092
99 N.E. Fourth Street, Suite 500
Tel. (305) 961-9149
Allyson.fritz@usdoj.gov