UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20383-CR-MOORE

UNITED STATES OF AMERICA

v.

ENER CORTES RODRIGUEZ,

        Defendant.
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
CORTES RODRIGUEZ'S MOTION FOR REDUCTION OF SENTENCE**

Defendant Ener Cortes Rodriguez ("Defendant") filed a *pro se* Motion with the Court seeking a reduction of his sentence pursuant to the new amendment to the U.S. Sentencing Guidelines ("USSG"), namely the "Mitigating Role Adjustment" contained in §§ 2D1.1 and 3B1.2, which went into effect on November 1, 2025 [DE 100]. While the Defendant correctly acknowledges that he was denied a mitigating role adjustment at sentencing, he now argues he should receive a mitigating role adjustment. The Court should deny his Motion as the "Mitigating Role Adjustment" is a nonretroactive amendment to the USSG. Moreover, the Defendant did not, and does not, qualify for a mitigating role adjustment.

**RELEVANT BACKGROUND**

On July 8, 2021, the United States Coast Guard (USCG) interdicted the Defendant, and his co-conspirators, in international waters for smuggling cocaine on a go-fast vessel (GFV) [DE 28].1

---

1 The facts contained herein are in the Stipulated Factual Proffer which the Defendant signed and are part of the record.

The USCG ultimately recovered a total of 1,183 kilograms of cocaine. *Id.*

A Federal Grand Jury sitting in the Southern District of Florida returned a two-count Indictment charging the Defendant, and his co-conspirators, with conspiracy to possess, and possession with intent to distribute, five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70506(b) and 70503(a)(1) [DE 1]. On December 6, 2021, the Defendant pled guilty to Count 1 of the Indictment [DE 27, 28]. Prior to sentencing, the United States Probation Office (USPO) prepared a Presentence Investigation Report ("PSI"), which set Defendant's Adjusted Offense Level at 33 and his Criminal History level at I, yielding an advisory guideline range of 135-168 [PSI ¶ 53] [DE 41]. The Defendant objected to the PSI's failure to recommend a mitigating role adjustment [DE 44]. At sentencing, the Court denied the mitigating role adjustment [DE 53, 74]. The Court ultimately sentenced the Defendant to 135 months' imprisonment [DE 56].

Defendant is serving his sentence at FCI Miami with an anticipated release date of July 9, 2028. *See* www.bop.gov/inmateloc.

## ARGUMENT

Defendant asks this Court to grant him a mitigating role adjustment and reduce his sentence based on the sentencing guidelines changes afforded under . . . the "Mitigating Role Adjustment" [DE 100]. His motion seemingly refers to the 2025 two-part amendment on the operation of Section 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking; Attempt or Conspiracy). Part A, Subpart 1 of this amendment revises the mitigating role cap provisions in Section 2D1.1 drug trafficking offenses to set a cap of either 32 or 30 depending on the role adjustment received under Section 3B1.2. *See* §2D1.1(a)(5) and

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf.

However, the 2025 USSG amendments are not retroactive. Indeed, none is included as a covered amendment under the policy statement.2 *See* USSG § 1B1.10(d); *see also Delgado v. United States,* No. 8:25-cv-3034-WFJ-CPT, 2025 WL 3096846, at *1 (M.D. Fla. Nov. 6, 2025), citing *United States v. Kuot*, No. 4:20-cr-3130, 2025 WL 3079996, at *1 & n.1 (D. Neb. Nov. 3, 2025) (noting that recent guideline amendments regarding "mitigating role adjustments in drug trafficking cases" have not "been applied retroactively yet"). Accordingly, this Court must deny Defendant's motion, as he is ineligible for relief under the new amendment.

Because the amendment in question is not retroactive, Defendant has no avenue for relief. A court may only grant a sentence reduction based on a Guidelines amendment that the Sentencing Commission has expressly given retroactive effect. *See United States v. Terry*, 758 Fed.Appx. 888, 890 (11th Cir. 2019), *citing Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) ... depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (establishing a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10[d].") (emphasis in original).

---

2 In August 2025, the Sentencing Commission held a public hearing on "whether to designate as retroactive certain 2025 guideline amendments," including the mitigating-role amendment at issue here. United States Sentencing Commission, Public Hearing on Retroactivity, https://www.ussc.gov/policymaking/meetingshearings/public-hearing-august-6-2025 (last visited November 26, 2025).

For the reasons stated herein, the Court should deny Defendant's motion.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

*/s/ Yvonne Rodriguez-Schack*
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney
United States Attorney's Office
Florida Bar No. 794686
99 NE 4 Street, Suite 600
Miami, Florida 33132
305.961.9014
Yvonne.Rodriguez-Schack@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the documents by United States Mail to Ener Cortes Rodriguez, Register No. 02432-506, Federal Correctional Institution - Miami, P.O. Box 779800, Miami, Florida 33177.

*/s/ Yvonne Rodriguez-Schack*
Yvonne Rodriguez-Schack
Assistant United States Attorney