United States of America,

   Plaintiff,

   --versus--

Ener Cortes Rodriguez,

   Petitioner/Defendant.

_____/



FILED BY_____ D.C.

JAN 14 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States District Court
Southern District of Florida
Case No. 21-cr-20383-MOORE

Petitioner's Reply to Government's Opposition
To Defendant's Motion for Reduction of Sentence

In opposition to the government's responsive pleading, the Court should consider Amendment 827's minor role clarification notwithstanding its formal non-retroactivity (to date), because the court's sentencing authority is independent of Congressional retroactivity determinations. Courts have long-recognized sentencing inequities when continued enforcement of a sentence based on a rejected guideline interpretation undermines §3553(a) sentencing factors and Due Process protections.

The government, in opposition to the argument herein, attempts to narrow the Court's authority and oversight to "retro-activity" despite the Sentencing Commission's clear recognition of the prior over-incarceration sentencing of a minor role participant. Here, the Court should exercise its oversight and authority to correct a sentence under new guidance; not requiring Congressional notification of retroactivity for relief.

[The remainder of this page left intentionally blank]

## I. Courts Retain Independent Authority to Reevaluate Sentences When the Sentencing Commission Has Repudiated the Prior Interpretation

Although Amendment 827, to date, has not been designated retroactive under USSG §1B1.10, that determination does not divest courts of authority to consider the Commission's clarified understanding of the Guidelines when assessing the fairness and continued validity of imposed sentences.

The Supreme Court has made clear that the Sentencing Guidelines are advisory, and that the sentencing courts retain broad authority and discretion to impose a sentence "sufficient, but not greater than necessary" under 18 USC §3553(a); see United States v. Booker, 543 US 220, 245-46 (2005). Nothing in §1B1.10 or the Sentencing Reform Act strips courts of their responsibility to ensure that sentences continue to comport with statutory purpose when authoritative guidance demonstrates that prior interpretations were flawed or overbroad.

Amendment 827 reflects the Sentencing Commission's considered judgement that courts had mis-applied minor-participant principles by focusing too narrowly on limited comparisons (e.g., to confidential informants or undercover agents) rather than the defendant's role in the entire criminal enterprise. Where the Commission has expressly rejected the reasoning that produced a defendant's sentence, continued enforcement of that sentence raises serious concerns under §3553(a)(6) (unwarranted sentencing disparities) and §3553(a)(2) (just punishment).

Courts have long recognized that non-retroactive amendments may still be persuasive authority when determining a sentence remaining just; see Pepper v. United States, 562 US 476, 490-93 (2011) (sentencing courts may consider the "fullest information possible" to ensure accuracy and fairness).

## II. Judicial Review Cannot Be Deferred to Congress Where Liberty Interests Are at Stake

Congress's eventual decision on retroactivity is policy determination, not a constitutional prerequisite for judicial review. Courts are not subordinate

fact-finders waiting on legislative grace; they are independent constitutional actors charged with protecting individual liberty.

The Supreme Court has consistently rejected the notion that courts must defer relief until Congress acts when continued incarceration is alleged to rest on legally unsound foundations; see Boumediene v. Bush, 553 US 723, 765 (2008), opining:

> The Framers' inherent distrust of governmental power was the driving force behind the constitutional plan that allowed powers among three independent branches.

Where the Sentencing Commission has acknowledged that a category of defendants such as minor participants has been systematically over-punished due to interpretive error, judicial review cannot be postponed without raising Due Process concerns. The Constitution does not permit continued incarceration under a sentencing rationale the expert body changed and guideline integrity has disavowed.

### III. Amendment 827 Functions as a Clarifying Amendment Not a Substantive Expansion of Punishment

Although labeled "non-retroactive" to date, Amendment 827 is properly understood as clarifying, not punitive. Clarifying amendments are routinely considered by courts even when not formally retroactive, particularly when they resolve circuit splits or correct analytical errors.

Courts have long distinguished between amendments that change the law and those that explain what the law was always intended to mean. See e.g., United States v. Jeross, 521 F.3d 562, 579 (6th Cir. 2008); United States v. Stinson, 508 US 36, 45 (1993), clarifying:

> [C]ommentary and clarifications are authoritative interpretations of the Guidelines.

3

Amendment 827's emphasis on evaluating a defendant's role in the entire criminal scheme rather than a limited law-enforcement-controlled subset is a correction of analytical methodology, not the creation of a new benefit. As such, courts may properly consider it now to avoid perpetuating sentences grounded in an approach the Commission has repudiated.

### IV. Continued Enforcement of Pre-827 Minor Role Denials Creates Arbitrary and Irrational Disparities

Failure to consider Amendment 827 prior to a congressional retroactivity vote results in irrational sentencing disparities based solely on timing. Defendants sentenced before November 1, 2025 remain imprisoned under a framework the Commission has deemed incorrect, while similarly situated defendants sentenced after that date receive materially lower guideline ranges.

Such disparities offend §33553(a)(6) and undermine public confidence in the fairness of the sentencing system. The Supreme Court has emphasized that uniformity and proportionality are core sentencing objectives; see Gall v. United States, 552 US 38, 54 (2007).

Courts have both the authority and the obligation to prevent such inequities where the tools to do so are already available.

### V. The Court Should Exercise Its Authority to Review the Sentence Now

Accordingly, this Court should not decline review based solely on Amendment 827's non-retroactivity designation. The Court retains independent authority indeed, a constitutional responsibility to ensure that sentences rest on valid legal foundations.

Whether through first impression under §3553(a), a redundant motion under §3582(c)(1)(A), or the Court's inherent authority to prevent manifest injustice, judicial review should not be delayed while liberty interests are at stake.

4

## V. Conclusion

Because Amendment 827 reflects the Sentencing Commission's authoritative rejection of an analytical framework used to deny minor-role relief in this case, and because courts are not required to await congressional action to correct unjust sentences, the Court should review and grant relief now.

Sincerely,

*CORTES RODRIGUEZ ENEY*

Ener Cortes Rodriguez, Pro Se

Mailing Address:
Ener Cortes Rodriguez — 02432-506
Federal Corrections Institute—Miami
PO Box 779800
Miami, FL 33177

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was placed in the Bureau of Prison's Prison Mail System on January 3, 2026 to the Clerk of the Court. I further certify that the foregoing document was mailed this day to the following address(es):

US Attorney's Office
99 NE 4th Street
Suite 600
Miami, FL 33132-2111

Sworn & Submitted, *CORTES RODRIGUEZ ENEY*

Ener Cortes Rodriguez, Pro Se
BOP Reg. No. 02432-506
FCI Miami Low

Ener Cortes Rodriguez--02432-506
Federal Corrections Institute--Miami
PO Box 779800
Miami, FL 33177

MIAMI FL 330
8 JAN 2026 PM 1 L

Clerk of the Court
US Federal Courthouse--S.D.Fla.
400 N. Miami Ave., #8N09
Miami, FL 33128

33128-771699

REC'D BY _____ D.C.
JAN 14 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

